**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**DELTA DIVISION**

JEFFREY CRAIG BLY, PLAINTIFF,

VS. CIVIL ACTION NO. 2:06CV178-P-A

EUBANKS FURNITURE COMPANY, INC.;
MICHAEL R. EUBANKS; ELIZABETH
C. EUBANKS; J. CLAXTON EUBANKS;
AND JOHN DOES, DEFENDANTS.

**ORDER**

This matter comes before the court upon Defendants Michael R. Eubanks, Elizabeth C. Eubanks, and J. Claxton Eubanks' Motion to Dismiss Individual Defendants [29-1] pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(c). After due consideration of the motion and the response filed thereto, the court finds as follows, to-wit:

In deciding a motion to dismiss under Rule 12(b)(6) the district court accepts as true those well-pleaded factual allegations in the complaint. *C.C. Port, Ltd. v. Davis-Penn Mortgage Co.*, 61 F.3d 288, 289 (5th Cir.1995). Taking the facts alleged in the complaint as true, "if it appears certain that the plaintiff cannot prove any set of facts that would entitle it to the relief it seeks," dismissal is proper. *Id.* It must appear beyond doubt that the plaintiff "can prove no set of facts in support of his claim which would entitle him to relief."*Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir.1995). The complaint must be liberally construed, with all reasonable inferences drawn in the light most favorable to the plaintiff. *Sloan v. Sharp*, 157 F.3d 980, 982 (5th Cir.1998). "However, we will not strain to find inferences favorable to the plaintiff[]." *Southland Securities Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir.2004).

"A motion brought pursuant to Fed.R.Civ.P. 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* 313 F.3d 305, 312 (5th Cir. 2002) (citations omitted). "[T]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief.." *Id*. "Pleadings should be construed liberally, and judgment on the pleadings is appropriate only if there are no disputed issues of fact and only questions of law remain." *Id.* "The [district] court may dismiss a claim when it is clear that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Id*. "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. Thus, the court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint."*Id*. at 313. "Rule 12(b)(6) decisions appropriately guide the application of Rule 12(c) because the standards for deciding motions under both rules are the same." *Id*. at 313 n. 8.

Having reviewed the defendants' arguments in their instant motion under the aforementioned standards, the court concludes that the defendants have not demonstrated that the plaintiff "can prove no set of facts in support of his claim which would entitle him to relief" or that the material facts are not in dispute and that a judgment can be rendered by looking at the complaint.

Although it is true that individual liability of corporate officers or directors may not be predicated merely on their connection to the corporation but must have as their foundation individual wrongdoing, *Hardy v. Brock*, 826 So.2d 71, 75 (Miss. 2002), the defendants have not demonstrated as a matter of law that the plaintiff's allegations in the Complaint, especially those in paragraphs 12

2

and 14 through 19, do not *state* – as opposed to prove – claims of individual wrongdoing on the part of the individual defendants with regard to the condition of the alleged dangerous area in the subject furniture store. Discovery has not been completed in this case and it is thus possible that the plaintiff could ascertain evidence supporting his claims of individual wrongdoing. Therefore, the instant motion to dismiss pursuant should be denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Defendants Michael R. Eubanks, Elizabeth C. Eubanks, and J. Claxton Eubanks' Motion to Dismiss Individual Defendants [29-1] is **DENIED**.

**SO ORDERED** this the 9th day of April, A.D., 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE